Ardelle Bass, appellant, v. John Ferdinand Muenchow, appellee.

No. 52201.

DECEMBER 13, 1966.

Vest & Mather, of Sac City, for appellant.

Putnam, Putnam & Putnam, of Des Moines, and Leighton A. Wederath, of Carroll, for appellee.

GARFIELD, C. J.—This is a law action to recover for personal injuries to Ardelle Bass, a front seat passenger in an automobile driven by her husband Donald, from a collision with an oncoming pickup truck driven by defendant Muenchow on paved U. S. Highway 30. Trial resulted in judgment on jury verdict for defendant from which plaintiff has appealed.

In reality only one error is assigned—exclusion of

plaintiff's offer to prove by the driver Donald that within about three seconds before the collision, while his brakes were applied, plaintiff exclaimed as part of the res gestae, "What is that fool going to do?" Defendant objected to the offer as a self-serving declaration not binding on defendant and an opinion and conclusion of the witness. The trial court sustained the objection. We hold the ruling was prejudicial error.

The Bass car was going west. Defendant came from the west, intending to turn north (his left) onto an intersecting gravel road at the top of a sharp rise on Highway 30. Mr. Bass testified that as he came over the rise he saw defendant's vehicle about 150 feet away on the north side of the center line in Bass' lane of traffic with its left-turn signal on, Bass slammed on his brakes but the vehicles collided at the center of the highway. Investigating officers said they measured skid marks 69 feet long made by the Bass car which commenced in its own traffic lane and angled toward the south. Defendant testified he was on his side of the highway when the Bass car appeared over the rise.

Plaintiff, Mr. Bass and defendant were the only eyewitnesses to the collision. By reason of plaintiff's severe injuries she had no recollection of what happened for about a day prior to the accident. Her testimony in the record is confined to her loss of memory. Aside from this and the testimony of Mr. Bass, only a state highway patrolman and a deputy sheriff testified for plaintiff as to happening of the collision.

Defendant, an operator of a filling station at the southeast corner of the intersection in question, and the town marshal of Arcadia were the three witnesses for defendant.

Plaintiff's husband testified that immediately before the accident, after he saw the truck, while his brakes were on, his wife uttered an exclamation. To the question "What was the exclamation?" the objection it was a self-serving declaration not binding upon defendant was sustained. Thereupon plaintiff made the offer of proof set out in the second paragraph hereof to which the objection there stated was sustained.

I. In its ruling the trial court first said it considered the fact the witness was plaintiff's husband and it was possible

the answer could be fabricated but it did not decide it was in fact fabricated. Of course the question whether the witness was worthy of belief and the claimed exclamation was actually made was one of fact solely for the jury, not the court. 2 Jones on Evidence, Fifth Ed., section 319, page 600.

II. In its ruling the court went on to state the evidence did not show plaintiff was observing the highway or looking ahead, the statement did not show it was directed to the manner defendant was driving, and its receipt in evidence would permit the jury to speculate as to its meaning.

In denying a new trial because of the error here assigned the court repeated the substance of what is just set out and added that the offered statement would prove nothing, it could refer to someone in the field, not on the road, or to drivers other than defendant, and finally, "it was somewhat of a conclusion as to who was to blame for the collision."

The language just quoted seems to conflict with the assertion the offered evidence would prove nothing.

The only objection to the offer of proof which refers to a conclusion is that it was an opinion and conclusion *of the witness*. Clearly he was asked for a fact, not his opinion or conclusion as to what plaintiff exclaimed.

]3[ If, as we hold, the offered utterance was properly part of the res gestae it was not subject to the objection it was self-serving. Shirks Motor Express v. Oxenham, 204 Md. 626, 106 A.2d 46, 50; Heg v. Mullen, 115 Wash. 252, 197 P. 51, 52. See also Westcott v. Waterloo, C. F. & N. R. Co., 173 Iowa 355, 360, 361, 155 N.W. 255; Annotation, 53 A. L. R.2d 1245, 1279, 1280; 31A C. J. S., Evidence, section 216b, page 597.

III. Defendant seeks to uphold the ruling by pointing out that the admissibility of res gestae statements rests largely within the trial court's discretion and appellate courts are reluctant to interfere with the exercise thereof. This is a familiar principle. In re Estate of Willesen, 251 Iowa 1363, 1374, 105 N.W.2d 640, 647, and citations; Dohse v. Market Mens Mutual Ins. Co., 253 Iowa 1186, 1191, 115 N.W.2d 844, 847; 8 Am. Jur.2d, Automobiles and Highway Traffic, section 970, page 520.

1014

■ We think the principle just stated is insufficient basis for an affirmance here. The subject of most of the rulings as to admissibility of declarations as part of the res gestae is whether they were made before there was time to contrive and misrepresent, i.e., while the nervous excitement of the occurrence may be supposed to dominate the declarant. VI Wigmore on Evidence, Third Ed., section 1750, page 142. As commonly said, the utterance must be "spontaneous." Idem, section 1749, page 139.

■ In 2 Jones on Evidence, Fifth Ed., section 319, page 600, points out it is for the trial court to decide the preliminary question whether the declaration was made without deliberation and reflection or was the spontaneous utterance of the declarant.

In many of the cases the question of spontaneity depends to a considerable extent upon the time between the occurrence and the utterance. We have said spontaneity and such close connection with the transaction as to exclude any presumption of fabrication are the main essentials of admissibility of res gestae evidence. State v. Berry, 241 Iowa 211, 215, 40 N.W.2d 480, 483, and citations; Hackman v. Beckwith, 245 Iowa 791, 805, 806, 64 N.W.2d 275, 284; State v. Drosos, 253 Iowa 1152, 1162, 1163, 114 N.W.2d 526, 532.

■ Usually the utterance is made after the occurrence. But a spontaneous statement receivable in evidence may, as here, precede the actual happening of a motor-vehicle accident. Annotation, 53 A. L. R.2d 1245, 1322, 1323; 8 Am. Jur.2d, Automobiles and Highway Traffic, section 972, page 523.

There is no claim the offered utterance was not spontaneous and made under the excitement of the imminent collision. It was made, according to the evidence, within about three seconds before the actual happening of the accident.

Although the trial court's rulings on admissibility of declarations as part of the res gestae are usually affirmed on appeal, reversals are not rare. See, for example, Page v. City of Osceola, 232 Iowa 1126, 1132, 5 N.W.2d 593, 596; Aldine Trust Co. v. National Ben. Acc. Assn., 222 Iowa 20, 22, 268 N.W. 507, 508; Rothrock v. City of Cedar Rapids, 128 Iowa 252, 254, 103 N.W. 475, 476; Sullivan v. Heyer, 300 Ill. App.

599, 21 N.E.2d 776, 777; Shirks Motor Express v. Oxenham, supra, 204 Md. 626, 106 A.2d 46, 50; Watts v. Erickson, 244 Minn. 264, 69 N.W.2d 626, 630; Houston Oxygen Co., Inc. v. Davis, 139 Tex. 1, 161 S.W.2d 474, 476, 477, 140 A. L. R. 868; Southern Passenger Motor Lines v. Burks, 187 Va. 53, 46 S.E.2d 26, 30; Hermes v. Chicago & N.W. R. Co., 80 Wis. 590, 50 N.W. 584, 590, 27 Am. St. Rep. 69.

██ The tendency of recent decisions is to extend, rather than to narrow, the scope of the res gestae doctrine. Roushar v. Dixon, 231 Iowa 993, 997, 2 N.W.2d 660, 662.

██ IV. To be admissible the declaration must relate to and be explanatory of the principal occurrence. Roushar v. Dixon, supra, at page 996 of 231 Iowa, page 662 of 2 N.W.2d; Holloway v. Bankers Life Co., 248 Iowa 517, 530, 81 N.W.2d 453, 461; VI Wigmore, Third Ed., section 1750, page 155.

The trial court thought and it is argued here the offered exclamation may have referred to the driver of one of the eastbound vehicles following defendant or to some farmer working in the field. It is even suggested the utterance may have referred to the manner plaintiff's husband was driving.

To draw any of the suggested inferences from the utterance in question seems quite unreasonable. It is unlikely plaintiff would refer to her husband at such a time, in the presence of only those two, as "that fool." There is no evidence anyone was working in a nearby farm field. If he were, it is scarcely possible plaintiff's express concern for her safety could be caused by fear of what the worker might do. Danger from him could hardly have been anticipated.

There is evidence that from one to three eastbound cars were following defendant at some little distance. But the testimony is they were on the south side of the road in their own lane of traffic, far enough behind defendant's truck so Bass could see between them. So far as appears, the danger was from the truck, not from the other cars.

██ This from Hackman v. Beckwith, supra, 245 Iowa 791, 806, 64 N.W.2d 275, 284, is applicable here: "The very fact that it [the statement] must be made under such circumstances as to negative any thought of fabrication, reasoned excuse or

evasion of consequences demonstrates it need not be a full explanation. Laboring under the excitement of an unusual occurrence it would be strange indeed if a participant paused to give complete details. Statements which are made as part of the res gestae are usually fragmentary, and it is sufficient if they have some bearing on the transaction."

Further, the inferences to be drawn from a res gestae statement are usually, as here, fact questions solely for the jury, not the court. Houston Oxygen Co., Inc. v. Davis, supra, 139 Tex. 1, 161 S.W.2d 474, 477; 88 C. J. S., Trial, section 211. See also Tissue v. Durin, 216 Iowa 709, 712, 246 N.W. 806; Iowa Electric Co. v. Home Insurance Co., 235 Iowa 672, 678, 17 N.W.2d 414, 417. Of course, inferences may not be drawn when they lie wholly within the realm of speculation and conjecture. 88 C. J. S., Trial, section 211, page 473.

V. Defendant does not seek to uphold the court's ruling here by the argument the offered evidence was an opinion and conclusion of plaintiff (declarant). As previously indicated, part of the objection to the offer at the trial is that it was an opinion and conclusion of the witness (plaintiff's husband) rather than of plaintiff. We therefore deem it unnecessary to discuss the question whether a statement otherwise admissible as part of the res gestae should be excluded on the ground it is an opinion or conclusion of the declarant. See, however, what is said in the annotation, supra, in 53 A. L. R.2d 1245, 1287.

VI. Although the point is not argued and therefore we would not base a reversal thereon, we deem it proper to say we think the excluded offer was also admissible as evidence bearing on the issue of plaintiff's freedom from contributory negligence.—Reversed and remanded.

All JUSTICES concur except THORNTON, J., not sitting, and STUART, J., who takes no part.