Argued July 6, affirmed August 3, 1972

ZELLER, *Appellant, v.* DAHL, *Respondent.*

499 P2d 1316

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison and Garry L. Kahn, Portland.

*George M. Joseph,* Portland, argued the cause for respondent. With him on the brief were Bemis, Breathouwer & Joseph, Portland, and Rodney W. Miller, Salem, and Williams, Skopil, Miller & Beck, Salem.

TONGUE, J.

■ Plaintiff appeals from a verdict and judgment for defendant in a personal injury case arising from a head-on automobile accident. The principal assignment of error is that the trial court erred in sustaining defendant's objection to testimony of an ambulance driver relating to an allegedly "excited utterance" by plaintiff.[1] We affirm.

---

[1] Plaintiff also assigns as error the failure of the trial court to give requested instructions on comparative negligence. Be-

Plaintiff made an offer of proof of testimony by the ambulance driver that after he arrived at the scene of the accident and while he was placing a bandage on plaintiff's head "she said numerous times, 'Why were they on the wrong side of the road; why were they driving so fast?'"

Upon cross-examination of the ambulance driver by defendant and upon further examination by the trial judge, all before ruling upon the offer of proof, the witness was somewhat uncertain as to the period of time that had elapsed between the accident and the statements.[2] He also did not recall whether plaintiff was unconscious at any time, as she had testified. However, upon the more crucial question of whether the statement was "spontaneous" and whether plaintiff appeared to be "excited" at that time, he testified as follows:

"A. * * * I don't think she appeared to be too shocky; excited somewhat, yes. She said things that made me think that she had good sense. One thing she said, 'My husband is really going to be busy now taking care of the horses,' besides having the horses to take care of and the numbering of many jobs he would have to do."

He also testified that plaintiff "was very concerned about her children, if they were all right."

---

cause the accident occurred before Oregon Laws 1971, ch 668 became effective this was not error, as since held in Joseph v. Lowery, 261 Or 545, 495 P2d 273 (1972).

[2] He testified only that his ambulance was "on the scene" "within 10 minutes after the time that we were notified after the accident." The state police officer testified that when he arrived at the scene at 7:25 p.m. the ambulance driver was already there. After rejection of the offer of proof defendants testified that the accident occurred "about 6:45 p.m."

The trial judge then rejected the offer of proof, stating that: "I believe this is within the discretion of the Court, *and* I feel \* \* \* that this is merely corroborative, \* \* \*" (later corrected to "accumulative").

Plaintiff contends that under these facts the offered testimony satisfied all of the requirements for admission into evidence as an "excited utterance" or "spontaneous statement." While we might agree that the trial judge might not have erred if he had overruled defendant's objections and admitted this testimony, it does not necessarily follow that the trial judge committed reversible error in sustaining the objection and excluding the testimony under the particular facts of this case.

According to 6 Wigmore on Evidence 154, § 1750 (1940), every case involving an alleged "excited utterance" or "spontaneous statement" should be "treated upon its own circumstances" and appellate courts should leave the application of the requirements for admission of such testimony "absolutely to the determination of the trial court."

This court has declined to adopt such a rule of absolute discretion for trial courts in such cases. We held, however, in *Bosin v. Oak Lodge San. Dist.*, 251 Or 554, 564, 447 P2d 285 (1968), that in such cases "the trial judge must be given considerable lee-way of decision," quoting from McCormick on Evidence 580, § 272.[9] In our opinion, the trial court did not abuse that measure of its discretion under the facts of this case.

■ One of the basic determinations which must be made by the trial judge upon the offer of testimony

[9] See also McCormick on Evidence 707, § 297 (2d ed 1972), and Annot., 53 ALR2d 1245, 1260.

as an "excited utterance" or "spontaneous statement" is whether the statement of the declarant was a "spontaneous reaction to the occurrence or event," rather than "the result of reflective thought."[5] In making this determination, the trial court may properly consider various factors.

One of the factors to be considered is the time interval between the event and the statement—i.e., whether that interval was long enough to permit reflective thought. While this interval of time may not of itself be controlling, it is an important factor, if not the most important factor to be considered.[6] This is particularly true if there was any evidence that the declarant did "in fact engage in a reflective thought process" during this time interval.[7]

■ Another factor to be considered is whether the statement was made by a party to the proceeding, so as to be self-serving. We have held that this fact does not of itself require the exclusion of such testimony.[8] It is, however, a factor which may be given consideration by the trial judge in determining whether the statement was in fact an "excited utterance" or "spontaneous statement."[9]

■ In this case the evidence is not entirely clear as

---

[5] McCormick on Evidence, *supra*, 704, § 297. See also State v. Hutchison, 222 Or 533, 541, 353 P2d 1047 (1960), and 53 ALR2d, *supra* at 1262. For further statements of the requirements to be satisfied for this exception to the hearsay rule, see also 6 Wigmore on Evidence 142, § 1750 (1940), and State v. Kendrick, 239 Or 512, 515-16, 398 P2d 471 (1965).

[6] McCormick on Evidence, *supra*, 706, § 297. See also State v. Hutchison, *supra* at 539 and 53 ALR2d, *supra* at 1265.

[7] McCormick on Evidence, *supra*, 706, § 297.

[8] Wright v. Swann, 261 Or 440, 493 P2d 148 (1972), and 53 ALR2d, *supra* at 1279.

[9] McCormick on Evidence, *supra*, 706, § 297.

to what interval of time elapsed between the accident and plaintiff's statements to the ambulance driver. And while that time interval may not have been overly long, there was evidence that during that interval plaintiff had time not only to think of her children and their welfare, but also to reflect upon the various additional chores that her husband would be required to perform as a result of her injury. In addition, the statement attributed to plaintiff was self-serving in that it directly accused defendant of responsibility for the accident.[9]

These various facts may not have been sufficient to *require* a finding by the trial court that the statement in question did not qualify as an "excited utterance" or "spontaneous statement." Because of such facts, however, we hold that the exclusion of such testimony by the trial court was not an abuse of the "considerable lee-way of decision" that we have recognized in such cases, with the result that it was not error to sustain defendant's objection to the offer of such testimony.[10]

Affirmed.

---

[9] Thus, the statement charged defendant with driving on the wrong side of the road.

[10] Defendant also contends that the exclusion of such testimony was proper as "cumulative." As we read the record, the trial judge excluded the testimony not only because, in his opinion, it was "cumulative," but also because it was offered as an "excited utterance" or "spontaneous statement" and it was his opinion that "this is within the discretion of the Court." Since we affirm the trial court on that ground we do not reach the question whether the trial court could properly exclude such testimony upon the ground that it was "cumulative," particularly in a case in which perhaps the most important issue of fact to be decided by the jury was whether defendant was on the wrong side of the road, in accordance with that testimony.