CHRISTENSEN, Plaintiff-Respondent, v. ECONOMY FIRE & CASUALTY COMPANY, Defendant-Appellant.

*No. 75–196. Argued November 30, 1976.—Decided March 29, 1977.*
(Also reported in 252 N. W. 2d 81.)

For the appellant there was a brief by *Kaftan, Kaftan, Kaftan, Kuehne & Van Egeren, S. C.* and oral argument by *Fred F. Kaftan,* all of Green Bay.

For the respondent there was a brief and oral argument by *Jack J. Schumacher* of Shawano.

ABRAHAMSON, J.   At about 6:25 a.m. on July 12, 1972, a head-on crash of a pick-up truck and a carry-all van occurred resulting in the deaths of both drivers, each of whom was the sole occupant of his vehicle. There were no eyewitnesses.  One driver died immediately but the other, David Wroblewski, survived approximately forty-five minutes after the mishap.  During the time Wroblewski was at the site waiting for an ambulance he spoke with James Horsens, a motorist who happened onto the scene shortly after the accident.  Wroblewski's statements during that conversation concerned, among other things, the cause of the crash, and these statements form the basis for this appeal.

The issue before the court is whether the trial court properly excluded the testimony of James Horsens who would relate the words of David Wroblewski.  It is conceded that Horsens' repetition of Wroblewski's statements is hearsay and is not admissible except as specially provided by rule.[1]

At the trial, the court held an in camera hearing to evaluate the offer of proof made by Economy Fire and Casualty Company concerning Horsens' testimony to

---

[1] Sec. 908.02, Wisconsin Rules of Evidence:

". . . Hearsay is not admissible except as provided by these rules or by other rules adopted by the supreme court or by statute."

determine whether the testimony would be admissible under one of the exceptions to the hearsay rule.[2] The witness stated that he arrived on the scene while water and steam were still spewing from each vehicle. After determining that the other driver was unconscious he went to Wroblewski's van and, in response to a plea for help, unpinned him from inside it. At this point Wroblewski asked Horsens, "Why did it happen to me, what could I do, the guy was coming at me." He also asked about the condition of the other driver, whom he was told was unconscious but all right, and he continued to wonder out loud why the accident had happened to him and what else he could have done to avoid it since the other guy was coming at him.

Horsens testified that Wroblewski was coughing, spitting blood and gurgling. Unable to lie down because of his pain, the victim sat up with his arms crossed

---

[2] The four exceptions to the hearsay rule, which form the basis of the appellant's argument for admission, are:
"908.03 . . .
"(1) PRESENT SENSE IMPRESSION. A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.
"(2) EXCITED UTTERANCE. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

"908.045 . . .
". . .
"(2) STATEMENT OF RECENT PERCEPTION. A statement, not in response to the instigation of a person engaged in investigating, litigating, or settling a claim, which narrates, describes, or explains an event or condition recently perceived by the declarant, made in good faith, not in contemplation of pending or anticipated litigation in which he was interested, and while his recollection was clear.
"(3) STATEMENT UNDER BELIEF OF IMPENDING DEATH. A statement made by a declarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death."

over his chest. He expressed fear of dying and he repeatedly asked why the ambulance was taking so long to arrive. Horsens continued the conversation, reassuring Wroblewski that he would not die and responding to his questions in general to keep his mind off the pain.

The trial court concluded the in-chambers proceeding by rejecting the offer of proof, ruling the testimony inadmissible under any of the proffered hearsay rule exceptions.

The verdict assigned fifty percent causal negligence to each driver and assessed damages. After post-verdict modification, a judgment was entered for $15,190.14 against Economy Fire and Casualty Company.

The question of admissibility is one of law which is determined by the judge. We have held on numerous occasions that the decision on the admissibility of a hearsay statement is within the discretion of the trial court.[3] Such discretion will not be reversed unless it is abused or is premised upon an erroneous view of the law. The term discretion contemplates a process of reasoning which depends on facts that are of record or reasonably derived

---

[3] *See Cornwell v. Rohrer,* 38 Wis.2d 252, 258, 259, 156 N.W.2d 373 (1968); *State v. Smith,* 36 Wis.2d 584, 595, 596, 153 N.W.2d 538 (1967); *Rudzinski v. Warner Theatres,* 16 Wis.2d 241, 248, 114 N.W.2d 466 (1962); *State v. Dunn,* 10 Wis.2d 447, 457, 103 N.W.2d 36 (1960).

In *Davis v. Fay,* 265 Wis. 426, 430, 431, 61 N.W.2d 885 (1953), this court held that "[w]hether a statement made by one is to be considered as part of the res gestae is a question of competency to be determined by the trial court and its ruling must be treated as a verity unless manifestly wrong." Whether the declarant was still dominated by nervous shock at the time the statements were made is a question for the court. *Kressin v. Chicago & N.W. Ry.,* 194 Wis. 480, 486, 215 N.W. 908 (1928). Similarly, the decision on the belief of a declarant that he will soon die is left to the trial court. *Oehler v. State,* 202 Wis. 530, 534, 232 N.W. 866 (1930).

by inference from the record and a conclusion based on a logical rationale founded on proper legal standards. The record should show that the discretion was in fact exercised and the basis of that exercise. *First Wisconsin Nat'l Bank of Oshkosh v. KSW Investments, Inc.*, 71 Wis.2d 359, 364, 238 N.W.2d 123 (1976); *McCleary v. State*, 49 Wis.2d 263, 277, 278, 182 N.W.2d 512 (1971); *State v. Hutnik*, 39 Wis.2d 754, 763, 159 N.W.2d 733 (1968); *State ex rel. Schulter v. Roraff*, 39 Wis.2d 342, 349, 350, 159 N.W.2d 25 (1968), *cert. denied* 393 U.S. 1066, 89 S. Ct. 716, 21 L. Ed.2d 706.

From an examination of the record in the instant case we believe that the judge had a mistaken view of the law and that to the extent he was exercising his discretion, it was exercised on improper grounds. The trial court improperly determined that Horsens' testimony, admittedly hearsay insofar as it relates to Wroblewski's statements, was not admissible under sec. 908.03(2), Rules of Evidence, the excited utterance exception.

The excited utterance exception, which was formerly part of the *res gestae* exception,[4] is based upon spontaneity and stress which endow such statements with sufficient trustworthiness to overcome the reasons for exclusion of hearsay. In determining whether a state-

[4] Judicial Council Committee's Note—1974, 40L Wis. Stats. Annot., sec. 908.03, p. 464, comments as follows:

"This section abandons use of the term *res gestae* in connection with the hearsay rule. The use of the term may not justify the excoriation by Justice Holmes and Judge Learned Hand (E. Morgan, Basic Problems of Evidence, 328, n. 242 (1942) but 'can well be jettisoned' in the interest of more precise analysis. McCormick [on Evidence] sec. 288 [(1972)]. The term *res gestae* if correctly used in connection with evidence law embraces circumstantial proof that is not hearsay at all, as well as hearsay that is admissible under subdivisions (1) to (3) of this section."

ment qualifies as an excited utterance, the important factors for the judge's consideration are timing and stress. As we said in *Wilder v. Classified Risk Ins. Co.,* 47 Wis.2d 286, 292, 177 N.W.2d 109 (1970), a case no less applicable because it concerned the older *res gestae* exception:

"It must be shown that the statement was made so spontaneously or under such psychological or physical pressure or excitement that the rational mind could not interpose itself between the spontaneous statement or utterance stimulated by the event and the event itself. The psychological basis for the *res gestae* exception is that people instinctively tell the truth but when they have time to stop and think they may lie. . . ."

As *Wilder* makes clear, timing, the lapse between the triggering event and the utterance is a key factor. However, the time element is potentially longer under sec. 908.03(2) than under sec. 908.03(1). Under sec. 908.03(2) time is measured by the duration of the condition of excitement rather than mere time lapse from the event or condition described.[5] The significant factor

[5] *See* Annot. *Admissibility in res gestae of statements or exclamations relating to the cause of, or responsibility for, motor vehicle accident,* 53 ALR2d 1245 (1957).

"The utterance must have been *before there has been time to contrive and misrepresent,* i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance. This limitation is in practice the subject of most of the rulings.

"It is to be observed that the statements *need not be strictly contemporaneous* with the exciting cause; they may be subsequent to it, provided there has not been time for the exciting influence to lose its sway and to be dissipated. . . .

". . .

"Futhermore, there can be *no definite and fixed limit* of time. Each case must depend upon its own circumstances . . . ." 6 Wigmore, *Evidence,* sec. 1750, pp. 202, 203 (Chadbourn rev. 1976) (Emphasis in original.)

is the stress or nervous shock acting on the declarant at the time of the statement. The statements of a declarant who demonstrates the opportunity and capacity to review the accident and to calculate the effect of his statements do not qualify as excited utterances.[6] Conversely, statements of declarants whose condition at the time of their declarations indicates that they are still under the shock of their injuries[7] or other stress due to special circumstances,[8] will be admitted under this exception. It is the condition of excitement that temporarily stills the capacity for reflection which is the significant factor assuring trustworthiness, assuring that the declarant lacked the capacity to fabricate. The court must assess the "special circumstances in which the statement is made [that] make it reliable and trustworthy." *Cossette v. Lepp*, 38 Wis.2d 392, 398, 157 N.W.2d 629 (1968). In *Cossette, supra* at 397, we held that the continuing stress acting upon the declarant was sufficient to render his statement trustworthy:

"Under the circumstances, it would not be unreasonable to conclude, as the trial court did, that Cossette was under the stress of nervous excitement when he made his statement to Vite, the first person to come to his aid. Cossette at that time, a sufferer from extreme asthma, could well have been in fear of his life. Cossette's

See also, *McCormick on Evidence*, sec. 297, p. 706 (2d ed. 1972); Judicial Council Committee's Note—1974, 40L Wis. Stats. Annot., sec. 908.03, p. 464; Weinstein & Berger, *Evidence*, para. 803(2) [01] (1976).

[6] *Pocquette v. Carpiaux*, 261 Wis. 340, 52 N.W.2d 787 (1952); *Cornwell v. Rohrer*, 38 Wis.2d 252, 156 N.W.2d 373 (1968).

[7] *Phifer v. State*, 64 Wis.2d 24, 218 N.W.2d 354 (1974); *Kressin v. Chicago & Northwestern Ry.*, 194 Wis. 480, 215 N.W. 908 (1928).

[8] *Love v. State*, 64 Wis.2d 432, 219 N.W.2d 294 (1974); *Bertrang v. State*, 50 Wis.2d 702, 184 N.W.2d 867 (1971). *See also Bass v. Muenchow*, 259 Ia. 1010, 146 N.W.2d 923 (1966).

Two recent cases of this court are *La Barge v. State*, 74 Wis.2d 327, 339–42, 246 N.W.2d 794 (1976); *State v. Lenarchick*, 74 Wis. 2d 425, 449–50, 247 N.W.2d 80 (1976).

reply that he 'tripped and fell' was made to the most natural question any person would ask under the circumstance, namely, 'What happened to you?' Wigmore, while discussing this exact point expresses the view that when such a statement is made 'in the stress of nervous excitement the reflective faculties may be stilled and the utterance may become the unreflecting and sincere expression of one's actual impressions and belief. . . ."

Thus timing and stress which produce spontaneity are the essentials of admissibility under the excited utterance exception.[9]

It is clear from the record that Horsens arrived on the scene within minutes of the impact. Despite massive front-end damage, both vehicles were still spouting water and steam. Wroblewski was in pain, spitting blood, gurgling, coughing and concerned about dying. The record does not show that the court considered either the short time lapse between the event and the declaration or the extent of the victim's injuries which contributed to his shock and stress. Instead the court stressed the self-serving nature of the declaration and its suspicion that the statement was made with a view to later litigation. The court felt that "in such a situation no one would admit he was at fault," noting that after the accident the declarant "ended up on the wrong side of the road." The court's decision over emphasizes the self-serving nature of the statement and the fact that the other driver was not alive to refute the testimony. The court mistakenly concluded that *Cossette, supra,* did not apply to this case because the *Cossette Case* did not deal with the negligence of the declarant. Sec. 908.03(2) neither prohibits a self-serving statement[10] nor requires the availability of a witness to refute the declarant.

---

[9] *Bass v. Muenchow,* 259 Ia. 1010, 146 N.W.2d 923 (1966); *see also, Zeller v. Dahl,* 262 Or. 515, 499 P.2d 1316 (1972); *Cestero v. Ferrara,* 57 N.J. 497, 273 A.2d 761 (1971); *Roland v. Beckham,* 408 S.W.2d 628 (Ky. 1966); *McCormick on Evidence,* sec. 297, p. 706 (2d ed. 1972).

[10] Some commentators have taken the view that the self-serving characteristics of the statement are not properly considered at

The issue for the judge is whether the special circumstances existed, as required by sec. 908.03(2), which make the statement reliable and trustworthy. Here, the trial court in refusing to admit the statement stressed its visceral reaction to the untrustworthiness of the statement rather than the objective circumstances set forth in sec. 908.03(2), Rules of Evidence, that will lead the court to the conclusion that the statements are or are not trustworthy. The judge did not state the facts or

all when determining admissibility under an established hearsay exception.

"The basic rule rendering hearsay declarations inadmissible rests in part upon the danger that such statements may be self-serving and that this characteristic cannot be sufficiently presented to the trier of fact to assure that it will be taken into account in judging the credibility of the declaration. Thus no specific rule is necessary to cover so-called self-serving out-of-court declarations. On the other hand, when declarations with a self-serving aspect fall within exceptions to the hearsay rule, the judgment underlying the exception, that as to those declarations the special need and assurance of trustworthiness outweigh the dangers inherent in hearsay, should be taken as controlling and the declarations admitted despite their self-serving aspects. Most courts would agree that this is the proper approach when the self-serving declaration falls within one of the well-established exceptions, such as the business records exception, excited utterances, and spontaneous declarations of present bodily feelings or symptoms." *McCormick on Evidence,* sec. 290, p. 688 (2d ed. 1972). (Footnotes omitted.)

*See Zeller v. Dahl,* 262 Or. 515, 499 P.2d 1316 (1972), recognizing that whether the statement is self-serving is a factor which may be considered by the trial judge in determining whether the statement was in fact an excited utterance; *Roland v. Beckham,* 408 S.W.2d 628 (Ky. 1966), noting that if a statement qualifies as to time and place, its self-serving character is not sufficient to destroy its quality as *res gestae; Bass v. Muenchow,* 259 Ia. 1010, 146 N.W.2d 923 (1966), and *Cestero v. Ferrara,* 57 N.J. 497, 273 A.2d 761, 763 (1971), holding that if the offered utterance was properly part of the *res gestae* it is not subject to the objection it was self-serving. *See also* McCormick, *supra,* sec. 297, p. 706.

inferences therefrom upon which he reached his conclusion that the statements are not trustworthy under sec. 908.03(2). While the court's statements on trustworthiness are adjunctively relevant, they do not import a correct view of the law or an exercise of judicial discretion on permissible grounds.

Even if the hearsay statement was admissible under sec. 908.03(2), the judge could have correctly excluded the testimony under sec. 904.03, Wis. Rules of Evidence. *State v. Smith*, 36 Wis.2d 584, 596, 597, 153 N.W.2d 538 (1967). Sec. 904.03 provides that "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Horsens' testimony, insofar as it referred to the victim's assessment of the cause of the accident, had high probative value, as it related to an issue of great importance and it was corroborated by physical facts and expert opinion testimony. To exclude the evidence under sec. 904.03 the judge must find that the probative value is substantially outweighed by the danger of unfair prejudice. The trial court thought the evidence "would be highly prejudicial as there were no eyewitnesses to the accident." Unfair prejudice, as used in sec. 904.03, means a tendency to influence the outcome by improper means.[11] "Unfair prejudice" does not mean

[11] In its comments to the Federal Rules of Evidence, Rule 403, 28 U.S.C.A., which is substantially similar to sec. 904.03, Wisconsin Rules of Evidence, the Advisory Committee noted:

"'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."

In the absence of redeeming probative value, exclusion of evidence because of its capacity for prejudice has long been the

damage to a party's cause, since such damage will always result from the introduction of evidence contrary to the party's contentions. In the context of sec. 904.03, Horsens' testimony would result in none of the evils which that rule seeks to avoid.

The trial court also excluded the evidence on the ground that admitting Horsens' type of testimony would open the door for friends, ambulance drivers and others to fabricate conversations of deceased drivers. This line of reasoning, if it is to be followed, is an argument against the very existence of the excited utterance exception to the hearsay rules. It is also an argument that might be made about any testimony—witnesses might fabricate any testimony. The court's references to Horsens' potential untrustworthiness and the possibility for collusive fraud in connection with such declarations are misplaced in this case. No basis for finding the witness himself to be incompetent or unreliable appears in this record. The credibility of a witness must be assessed by the triers of fact. That function is not for the court.[12]

For these reasons, we conclude that the court erred in its determination to exclude Horsens' testimony.

Sec. 817.37, Stats., provides:

"Judgments; application to reverse or set aside; new trial; reversible errors. No judgment shall be reversed

practice. Evidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action may cause a jury to base its decision on something other than the established propositions in the case and should be excluded. *See* Weinstein & Berger, *Evidence*, par. 403[03] (1976).

[12] *Oseman v. State*, 32 Wis.2d 523, 534, 145 N.W.2d 766 (1966); *Lombardi v. State*, 8 Wis.2d 421, 435, 99 N.W.2d 829 (1959); *Schlesak v. State*, 232 Wis. 510, 520, 287 N.W. 703 (1939); *De Groot v. Van Akkeren*, 225 Wis. 105, 114, 273 N.W. 725 (1937).

or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

Numerous cases interpret the standard of review for harmless error. In the recent case of *Nimmer v. Purtell,* 69 Wis.2d 21, 38, 39, 230 N.W.2d 258 (1975), we said

" ' "Errors committed in the course of a trial will not operate to disturb a judgment on appeal unless it appears pretty clearly that had they not occurred, the result might probably have been more favorable to the party complaining." ' [Citation omitted.]

"This court has also said that the test is one of 'probability, not possibility, requiring the entire evidence to show that had not the error occurred the result would probably have been different.' [Citation omitted.]"

This test has been applied specifically to automobile accident cases. *Mack v. Decker,* 24 Wis.2d 219, 231, 232, 128 N.W.2d 455 (1964); *Lisowski v. Milwaukee Automobile Mut. Ins. Co.,* 17 Wis.2d 499, 504, 117 N.W.2d 666 (1962). As applied to the instant case, it is apparent that the exclusion of Horsens' testimony was not harmless. Had the excluded testimony been admitted, unless the jury assigned it no credibility whatsoever, we believe the result, at least in terms of apportioned degrees of negligence, would probably have been different.

In light of our holding it is unnecessary to consider the other grounds for this appeal set forth by counsel.[13]

---

[13] The appellant argued that Wroblewski's declarations were also admissible as statements made under a belief of impending death, as present sense impressions and as statements of recent perception. *See* note 2, *supra.*

*By the Court.*—Judgment reversed and cause remanded for a new trial.

The first of these exceptions is now specifically applicable to civil cases. Judicial Council Committee's Note—1974, 40L Wis. Stats. Annot., sec. 908.045, p. 529. As such it applies to automobile accident litigation. This expansion implies no change, however, in the discretion of the trial court to determine the existence of the declarant's belief that his death was imminent.

Similarly wide discretion is afforded a trial court in deciding whether the time lapse was sufficiently short to qualify a statement as a present sense impression, or whether a statement of recent perception was made in good faith without contemplation of anticipated litigation. Our comments on the exercise of judicial discretion apply with equal weight to the application of these three exceptions to the facts of this case. It is incumbent upon the trial court to determine whether the facts of the case satisfy each element of the hearsay exception and to base its reasoning and conclusions upon those elements. The record should reflect that process.