Argued December 16, 1977, reversed and remanded for new trial March 1, reconsideration denied April 12, 1978, rev den 282 Or 537 (1978)

## STATE OF OREGON, *Respondent,*
### *v.*
## RICHARD LEE MAHONEY, *Appellant.*
### (No. B40-469, CA 9177)
575 P2d 681

Robert J. Smith, Eugene, argued the cause for appellant. With him on the brief was Husband, Johnson, Fechtel & Goff, Eugene.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from a jury trial which resulted in his conviction of sexual abuse in the second degree and assault in the third degree. Defendant's only assignment of error concerns the admission of hearsay statements of three witnesses. The statements were admitted under the "excited utterances" exception to the hearsay rule.

It is necessary to describe the sequence of events in some detail. The complaining witness, a 15-year-old male, was employed by defendant. Due to family problems the complainant was residing at the home of Cheryl Gates. On December 20, 1976, at approximately 8:15 p.m., defendant called complainant to inquire if he was available for work that night. Complainant indicated that he was available and defendant picked him up in a vehicle approximately 20 minutes later. Defendant drove complainant to his place of employment and instructed him to separate scraps of metal and wood and tear down an old desk. Complainant testified that defendant offered him alcoholic drinks and that after an indeterminate amount of time both defendant and complainant became intoxicated.

Complainant testified that at this point defendant subjected him to sexual contact and when complainant resisted defendant struck him twice, knocking him to the floor. Complainant ran out of the building, into the street, and fell on the pavement. Complainant testified that he remembered nothing further until he awoke at the Gates' house in the presence of Roy Casley and Casley's father.

At midnight, Ms. Gates returned home and found complainant "immobile" on the floor with some blood and vomit on his face and clothing. Gates testified that for some time complainant was totally unresponsive to her questions, but that eventually the following exchange took place:

"Who beat you up"?

"Roy."

"Roy who"?

"Roy Casley."

Gates' testimony makes it clear that complainant's statements were made in response to her questions. At this point Gates telephones Roy Casley, a friend of complainant, and his father, and requested that they come over to her house. Gates also called complainant's mother and father, and the police.

Before any of the others arrived, but approximately one hour after complainant gave the responses set out above, complainant began making statements implicating the defendant. When Ms. Gates was questioned as to one such statement, defendant's hearsay objection was overruled, based on the excited utterances exception to the hearsay rule. Roy Casley and the police officer who came to the Gates' house, also testified as to the substance of statements made by complainant after they arrived.

> "To qualify as an 'excited utterance' the causative event must be sufficiently disruptive to suspend the declarant's reflective processes.. * * *" *State v. Jones,* 27 Or App 767, 775, 557 P2d 264 (1976), *rev den* (1977).

In *State v. Hutchinson,* 222 Or 533, 353 P2d 1047, 83 AL2d 1361 (1960), the Supreme Court discussed the rationale for this exception.

> "* * * The utterance is really an effusion. Being spontaneous in nature, the declaration is free from the elements of design, contrivance and self-service which at times color testimony given from the witness stand. The credibility of a declaration of that kind is not dependent solely ' upon the veracity of the declarant. The pain, excitement or horror of the event had stilled the powers of reflection and had enabled the event itself to speak through the tongue of the declarant. It is the startling event rather than the will of the declarant that propelled his tongue. * * *" 222 Or at 537.

■ Besides time, many factors are to be considered in determining if a statement qualifies as an "excited utterance." *Zeller v. Dahl,* 262 Or 515, 519, 499 P2d 1316 (1972) (whether the statement is self-serving);

*Bosin v. Oak Lodge San. Dist.*, 251 Or 554, 564, 447 P2d 285 (1968) (whether the statement is the result of inquiry); *State v. Jones, supra* at 776 (whether statement is made at the first opportunity.) All cases concerning this exception make it clear that if the statement is the product of reflective thought it is not admissible as an excited utterance.

In the present case, all persons who observed the complainant described him as extremely upset due to the alleged sexual incident, his drinking and resultant sickness, and his minor wounds from the alleged assault. This condition was said to have existed during the entire period in which he was making statements concerning the defendant. In spite of this, we hold that the statements made were not excited utterances.

■ The amount of time which elapsed between the startling event and the statements sought to be introduced cannot be exactly determined. It is evident that more than one hour passed. During this period of time complainant had an opportunity to respond to questions as to what had occurred. Complainant did not implicate defendant during this time. It was not until complainant was in a somewhat improved condition that he mentioned defendant. The fact that complainant changed his response to implicate defendant more than one hour after the questioning started indicates that reflective thought took place. Since a statement made as a product of reflective thought does not qualify as an excited utterance complainant's statements were inadmissible hearsay. Admission of the statements was harmful error and defendant is entitled to a new trial.

Reversed and remanded for new trial.