# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1041-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF2361

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ZYTERRIUS ORBIN TAYLOR,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: DAVID A. FEISS, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Zyterrius Orbin Taylor appeals a judgment convicting him of four counts of first-degree recklessly endangering safety with the use of a dangerous weapon and one count of being a felon in possession of a firearm. Taylor contends that the circuit court should have dismissed his case because it failed to conduct a preliminary hearing within a reasonable time frame. He also contends that the circuit court erroneously admitted hearsay evidence at trial, resulting in a violation of his right to confrontation. Upon review, we affirm.

## BACKGROUND

¶2 On June 17, 2022, the State charged Taylor with four counts of first-degree recklessly endangering safety with the use of a dangerous weapon and one count of being a felon in possession of a firearm. According to the complaint, Milwaukee police responded to a report of shots fired on Water Street. A witness told police that he saw a man "fire multiple shots" and then flee by car. Surveillance video showed the man firing a gun in the vicinity of multiple people. Police identified the license plate of the shooter from surveillance footage and subsequently apprehended Taylor.

¶3 While the matter eventually proceeded to trial, there were multiple adjournments and delays between Taylor's initial appearance, which took place on June 18, 2022, and his preliminary hearing, which took place on December 15, 2022. A detailed timeline of the events preceding Taylor's preliminary hearing is as follows.

¶4 At the initial appearance, Taylor's preliminary hearing was scheduled for June 28, 2022; however, at that hearing, the circuit court clerk informed the court commissioner that the Office of the State Public Defender had not yet appointed counsel. The court commissioner adjourned the hearing for

2

cause and set July 13, 2022, as the next date for the hearing. In the interim, revocation of Taylor's extended supervision in a prior case was initiated and a hold was placed on him.

¶5 At the hearing on July 13, 2022, the court clerk again stated that the public defender had not yet appointed counsel for Taylor. The court commissioner again adjourned for cause and set the next preliminary hearing date for August 2, 2022. At the hearing on that date, the clerk again informed the court commissioner that the public defender had not yet appointed counsel for Taylor. The court commissioner adjourned for cause again and ordered the matter "transferred to the trial court" for a hearing pursuant to *State v. Lee*, 2021 WI App 12, 396 Wis. 2d 136, 955 N.W.2d 424. The hearing was set for August 8, 2022.

¶6 Prior to the *Lee* hearing, the Office of the State Public Defender informed the circuit court that it appointed counsel for Taylor. Counsel appeared with Taylor at the *Lee* hearing on August 8, 2022. At the hearing, Taylor's counsel moved to dismiss the case based on the sufficiency of the complaint, but Taylor himself expressed confusion over whether his case would be dismissed for the lack of a preliminary hearing. The circuit court explained that the initial purpose of the hearing was to inquire about why the public defender had not appointed Taylor counsel. Since "[t]hat goal ha[d] been met," the circuit court explained that counsel would "have the ability to look at whether there was a good enough record made for these postponements for cause." The circuit court denied the motion to dismiss and scheduled a preliminary hearing for August 18, 2022.

¶7 At the hearing on August 18, 2022, defense counsel informed the court commissioner that the jail had not transported Taylor to the courtroom. The court commissioner adjourned the hearing for cause and scheduled the hearing for

September 14, 2022. Counsel later filed a letter with the circuit court, explaining that the jail was unable to produce Taylor and requested a hearing date to address Taylor's competency. The circuit court subsequently scheduled a competency hearing for September 6, 2022. On that date, the circuit court ordered a competency evaluation and set a hearing for the return on the doctor's report. The doctor's report recommended an inpatient evaluation. On October 27, 2022, following Taylor's inpatient evaluation, the circuit court found Taylor competent to proceed. The circuit court then "reinstate[d]" the proceedings. Defense counsel requested a hearing to allow her to withdraw as counsel. The hearing was set for November 10, 2022. On that date, the circuit court denied counsel's motion to withdraw, noting that Taylor had not yet had a preliminary hearing and needed representation at the hearing. The circuit court "reinistate[d] time limits" and set the preliminary hearing for November 18, 2022.

¶8      At the hearing, the State informed the court commissioner that the State's witness was "on regular vacation scheduled and did not receive the State's subpoena." Over defense counsel's objection, the court commissioner granted the State's request for an adjournment, noting that none of the previous adjournments in the matter had been at the State's request and that the State's witness previously had "been present when he was supposed to be present." The preliminary hearing was adjourned for cause to December 15, 2022. Taylor's preliminary hearing did take place on that date and the court commissioner bound Taylor over for trial.

¶9      The matter ultimately proceeded to trial where multiple witnesses testified. However, as relevant to this appeal, the witness who called 911 following the shooting did not testify. The State informed the circuit court that J.K., who was at the scene of the shooting with his children and called 911, would not testify, despite his communications to the contrary. The State then moved to

admit portions of the 911 call as excited utterances and present sense impressions. The State argued that the statements were not testimonial as they were made for the purposes of assisting an ongoing investigation into an emergent situation. The circuit court agreed and the call was played for the jury.

¶10    The jury ultimately found Taylor guilty as charged. The circuit court issued a global sentence of eight years of initial confinement followed by three years of extended supervision. This appeal follows.

## DISCUSSION

¶11    On appeal, Taylor contends that "this matter should be dismissed because the [circuit] court failed to conduct a preliminary hearing for months, substantially longer than the statutorily mandated ten days." (Capitalization omitted.) He also contends that the circuit court erroneously admitted portions of J.K.'s 911 call, violating his right to confrontation. We address each issue.

*Preliminary Hearing*

¶12    "The preliminary examination shall be commenced ... within 10 days [of an initial appearance] if [a] defendant is in custody and bail has been fixed in excess of $500. On stipulation of the parties or on motion and for cause, the court may extend such time." WIS. STAT. § 970.03(2).[1] "The primary function of the preliminary examination is to 'protect the accused from hasty, improvident, or malicious prosecution and to discover whether there is a substantial basis for bringing the prosecution and further denying the accused his [or her] right to

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

liberty.'" *Lee*, 396 Wis. 2d 136, ¶23 (citation omitted).  A circuit court's decision to adjourn a preliminary hearing for cause is within the court's discretion.  *Id.*, ¶43.  The circuit court's decision to extend this deadline "must be based on two major factors: (1) the justification for the relief sought; and (2) the possible prejudice to the opposing party.  In appropriate cases, the public interest may also be considered."  *Id.* (citation omitted).

¶13     The record demonstrates that Taylor's preliminary hearing was adjourned for cause a total of five times.  To determine whether there was an error "requires an analysis of the exercise of discretion at the time it was made (i.e., at each of the review hearings in this case), not as a collective whole."  *Id.*, ¶50 n.19.  The record demonstrates that the first three adjournments occurred while Taylor was awaiting the appointment of counsel.  At each adjournment, the court commissioner explained the appropriateness of its decision.  We agree with the State that Taylor did not incur any prejudice to his liberty interests, given that he was in custody in a separate matter.  We also agree that the court commissioner appropriately considered the public interest.  Given the gravity of the charges, the commissioner found it proper to wait for representation, rather than dismiss the charges without prejudice, release Taylor, and possibly incur further delays if Taylor was recharged.

¶14     The remaining adjournments took place because the jail was unable to produce Taylor for one hearing and the State's witness was unavailable for the other.  As the State notes, "[i]t would have been improper for the commissioner to hold the preliminary hearing without Taylor present," and defense counsel did not object to the adjournment.  With regard to the final adjournment, the record establishes that the State's witness was unavailable due to a previously scheduled vacation and did not receive the State's subpoena; however, the witness had been

available for the previously scheduled hearings. The witness's unavailability was not the result of fault by either party and adjournment was within the commissioner's discretion. To the extent Taylor challenges the entirety of the delay between the initial appearance and the preliminary hearing, we note that delays also resulted from competency proceedings and counsel's motion to withdraw at Taylor's request. Accordingly, we disagree with Taylor's assertion that the circuit court failed to hold a timely preliminary hearing and should have dismissed his case.

*Hearsay Evidence*

¶15 Taylor also contends that the circuit court erroneously admitted portions of J.K.'s 911 call following the shooting under exceptions to the hearsay rule. Specifically, Taylor contends that the admission of the call violated his fundamental right to cross-examination and that the statements did not qualify as hearsay exceptions. Taylor is mistaken.

¶16 "[W]hether the admission of evidence violates a defendant's right to confrontation is a question of law subject to independent appellate review." ***State v. Williams***, 2002 WI 58, ¶7, 253 Wis. 2d 99, 644 N.W.2d 919. However, evidentiary rulings that do not implicate constitutional rights are discretionary, and therefore we review them under an erroneous exercise of discretion standard. ***State v. Hammer***, 2000 WI 92, ¶43, 236 Wis. 2d 686, 613 N.W.2d 629.

¶17 The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI. The threshold question in a Confrontation Clause analysis is whether the contested statement is testimonial or nontestimonial. ***Crawford v. Washington***, 541 U.S. 36, 68 (2004). "Where

7

nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law[.]" *Id.* "Where testimonial evidence is at issue, however, the Sixth Amendment demands ... unavailability [of the declarant] and a prior opportunity for cross-examination" for the statement to be admissible. *Id.* Although the United States Supreme Court has not provided a definitive statement of what "testimonial" includes, it has stated that "the term ... applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* Statements are nontestimonial when they are made to police with the "primary purpose" of "enabl[ing] police ... to meet an ongoing emergency." *Davis v. Washington*, 547 U.S. 813, 822 (2006). Statements are testimonial when there is "no ... ongoing emergency" and when their primary purpose is "to establish or prove past events potentially relevant to later criminal prosecution." *Id.*

¶18 The call in question was made specifically to summon a police response to a random shooting in the middle of downtown Milwaukee during the daylight hours. The circuit court found that J.K. expressed concern for his children and prioritized getting his children to safety. The circuit court further stated that the 911 call did not address the two major issues of the case: (1) whether "firing a gun wildly on the street in downtown Milwaukee endangers the safety of the people that they are not directly shooting at," and (2) whether [Taylor] is, in fact, the shooter," thus insulating Taylor from a Confrontation Clause violation. We conclude, therefore, that the call was made in the course of "an ongoing emergency" with the "primary purpose" of obtaining help from the police in a violent situation. *See id.*

¶19    We therefore turn to the question of whether the circuit court erred in admitting the evidence under the excited utterance and present sense impression exceptions to the general rule prohibiting hearsay.  *See* WIS. STAT. § 908.02 ("Hearsay is not admissible...."); WIS. STAT. §§ 908.03(1)-(2) (setting forth the present sense impression and excited utterance exceptions).  Because we conclude that the statements are admissible as excited utterances, we need not address whether they are also admissible as present sense impressions.  *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (explaining that an appellate court should decide cases on the narrowest possible ground).

¶20    The determination of whether hearsay is admissible pursuant to an exception to the general rule prohibiting hearsay is a question within the circuit court's reasoned discretion.  ***State v. Moats***, 156 Wis. 2d 74, 96, 457 N.W.2d 299 (1990).  When reviewing an evidentiary decision, "'the question on appeal is ... whether the [circuit] court exercised its discretion in accordance with accepted legal standards and in accordance with the facts of record.'"  ***State v. Manuel***, 2005 WI 75, ¶24, 281 Wis. 2d 554, 697 N.W.2d 811 (citation omitted).  "A proper exercise of discretion requires that the [circuit] court rely on facts of record, the applicable law, and, using a demonstrable rational process, reach a reasonable decision."  *Id.*

¶21    An excited utterance is a "statement relating to a startling event ... made while the declarant was under the stress of excitement caused by the event[.]" WIS. STAT. § 908.03(2).  A statement qualifies as an excited utterance if it meets three requirements.  ***State v. Huntington***, 216 Wis. 2d 671, 682, 575 N.W.2d 268 (1998).  "First, there must be a 'startling event or condition.'" *Id.* (citation omitted).  Next, the out-of-court statement must relate to the startling event or condition.  *Id.*  Finally, the "statement must be made while the declarant

is still 'under the stress of excitement caused by the event or condition.'" ***Id.*** (citation omitted); *see also* § 908.03(2).

¶22 "'The excited utterance exception ... is based upon spontaneity and stress' which, like the bases for all exceptions to the hearsay rule, 'endow such statements with sufficient trustworthiness to overcome the reasons for exclusion of hearsay.'" ***Huntington***, 216 Wis. 2d at 681-82 (citation omitted; ellipsis in ***Huntington***). The interval between the startling event and the utterance is key, and "time is measured by the duration of the condition of excitement rather than mere time lapse from the event or condition described." ***Christensen v. Economy Fire & Cas. Co.***, 77 Wis. 2d 50, 57, 252 N.W.2d 81 (1977). "The significant factor is the stress or nervous shock acting on the declarant at the time of the statement." ***Id.*** at 57-58. "The statements of a declarant who demonstrates the opportunity and capacity to review the [event] and to calculate the effect of his [or her] statements do not qualify as excited utterances." ***Id.*** at 58.

¶22 Here, the circuit court noted that while J.K.'s call was made 15-20 minutes after the shooting, J.K. "stressed during the call" that his priority was getting his children to safety. J.K.'s call described being shot at "10-15 times," an "event [that] would not have evaporated 15 to 20 minutes after the event," according to the circuit court. The circuit court also described the circumstances described by the call as "dangerous" and stated that J.K. "felt he and children's lives were in danger." Accordingly, we conclude that the circuit court did not erroneously exercise its discretion in determining that the statements made in J.K.'s 911 call qualified as excited utterances.

**CONCLUSION**

¶23 For the foregoing reasons, we affirm.

10

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.