PAUL H. GANZHORN, Appellee, v. WALTER A. REEP, Appellant.

No. 46307.

DECEMBER 14, 1943.

REHEARING DENIED FEBRUARY 11, 1944.

Roy E. Havens, of Logan, for appellant.

Harold E. Hanson, of Logan, and J. J. Hess, of Council Bluffs, for appellee.

MILLER, J.—Plaintiff's petition as finally constituted asserted two counts. Count I alleged that plaintiff, at the time of his injury, was riding in an automobile owned and operated by defendant, as a guest and not for hire, while defendant was proceeding on a mission of his own, and that plaintiff was injured by reason of reckless operation of the automobile by defendant. Defendant's answer to this count admitted that, at the time of the collision, plaintiff was riding in defendant's automobile upon defendant's invitation, as a guest and not for hire, and while defendant was proceeding on a mission of his own. Defendant denied that he was reckless in the operation of the automobile.

Count II of the petition asserted that, at the time and place of the collision that plaintiff received his injuries, the relationship of master and servant existed between the plaintiff and defendant; plaintiff was engaged in doing work beneficial to defendant at defendant's request and was injured as a result of defendant's negligence. The answer to Count II of the petition denied that, at the time and place of the collision, the relationship of master and servant existed between plaintiff and defendant; denied that plaintiff was then engaged at the request of defendant in doing work beneficial to defendant; denied that defendant was negligent.

Trial was had to a jury. The evidence that is material to the questions presented for our decision may be briefly summarized as follows: Plaintiff and defendant are farmers. Their homes are about three fourths of a mile apart. Defendant called plaintiff on the telephone and asked plaintiff to help him find out what was wrong with a pump and fix it. Plaintiff drove over to defendant's farm about 1 p. m. The leather had become unscrewed from the bottom of the pump rod. They tried to pull it up but could not; called Mr. McCain, a well man from Logan, but still they could not pull it. McCain suggested that if they got a steel hoist they might get it up. Defendant

started toward his car to go for a steel hoist. Plaintiff went over and sat on the running board of his own car. Plaintiff testified that defendant said to him, "Come and go with me and get it;" that he (plaintiff) got in defendant's car and went with him. Defendant testified that he said to plaintiff, "You should go with me; couldn't do nothing here until I get back"; that plaintiff then got into the car and went along. On the road to Logan, defendant's car collided with another automobile head on and plaintiff was severely injured. For the past two years plaintiff and defendant had exchanged work with each other. Defendant testified as follows:

"Practically anything we needed extra help for we would call on each other. When I had gone over to help him on his farm as a neighbor, he had not paid me in money for my work I did. And when he had come to my place to help me I had not paid him in money except in silo-filling time when I generally hired more work than average and I paid him. Neither Ganzhorn nor I kept any account of the time that each helped the other."

At the close of the evidence defendant made four motions. First was a motion to withdraw Count I from the consideration of the jury because the evidence was insufficient to warrant a verdict that the collision was caused by reckless operation of the automobile by defendant. Subject to the ruling of the court on the motion to withdraw Count I from the jury, the defendant moved for a directed verdict on Count I because of insufficiency of the evidence on the issue of reckless operation of the automobile. Defendant also moved the court to withdraw Count II from the consideration of the jury because the evidence was insufficient to warrant the jury's finding that the relationship of master and servant existed between the parties at the time and place of plaintiff's injury. Subject to the ruling on the motion to withdraw Count II from the jury, the defendant made a motion for directed verdict as to Count II for the same reasons as stated in the motion to withdraw said Count II.

The court determined that, under the record, the evidence was insufficient to warrant a finding that plaintiff was a guest under the guest statute (section 5037.10, Code, 1939) and for

that reason withdrew Count I of the petition from consideration of the jury. Defendant's other motions were overruled and the cause was submitted to the jury on Count II of the petition alone. The jury returned a verdict for the plaintiff for $3,000. Exceptions to instructions and motion for a new trial were overruled. Defendant appeals, asserting three assignments of error: (1) the overruling of the motion for directed verdict as to Count I of the petition (2) the overruling of the motion for directed verdict as to Count II of the petition (3) the overruling of exceptions to instruction 3 which stated the basis on which plaintiff might recover.

I. In assigning error to the overruling of the motion for directed verdict as to Count I of the petition defendant contends that the trial court erred in finding that the evidence was insufficient to warrant a finding that plaintiff was a guest within the contemplation of section 5037.10, Code, 1939. We see no occasion to discuss or decide this question. Defendant challenged the right of plaintiff to have Count I submitted to the jury. The court's ruling gave defendant what he wanted. No matter what the ground stated by the trial court, the effect of the ruling was in defendant's favor. It was not prejudicial. An appeal cannot be based on a ruling in effect favorable to the appellant.

II. Defendant's challenge of the ruling on the motion to direct a verdict as to Count II raises the vital question in the case. To support his contention that the evidence is insufficient to sustain a finding that the relationship of master and servant existed, reliance is had upon Pace v. Appanoose County, 184 Iowa 498, 168 N. W. 916; Meredith Pub. Co. v. Iowa Emp. Sec. Comm., 232 Iowa 666, 6 N. W. 2d 6; Stiles v. Des Moines Council Boy Scouts, 209 Iowa 1235, 229 N. W. 841. The cases do not appear to be controlling. In the first two cases, this court found that the relationship of independent contractor existed. In the Stiles case, we held that an Eagle Scout, who merely attended a scout camp, was not an employee. Plaintiff relies upon Porter v. Decker, 222 Iowa 1109, 270 N. W. 897. It will be referred to later.

We have made considerable search of the authorities and have not found a case squarely in point. On principle, however,

it would seem that a jury question was presented as to this issue. In the case of Napier v. Patterson, 198 Iowa 257, 260, 196 N. W. 73, 74, we stated:

"To constitute the relation of principal and agent or master and servant, it is not necessary that there be an express contract between them, or that the services be rendered for compensation. The relationship may be either express or implied."

In the case of Lembke v. Fritz, 223 Iowa 261, 266, 272 N. W. 300, 303, we reviewed a number of our decisions, and stated:

"All the cases agree that the test of the relationship of master and servant is not the actual exercise of power of control over the details and methods to be followed in the performance of the work but the test is the *right to exercise such control.*"

Applying such rules to the evidence herein, the jury was warranted in finding that the status of master and servant existed.

Plaintiff was not a volunteer or interloper. At defendant's express invitation plaintiff came to defendant's farm, pursuant to an admitted custom, to render service. It was defendant's farm, defendant's work. Obviously, the jury might draw the conclusion that defendant had the right to exercise control over the details, means, and methods of doing the work. The custom furnished consideration for the implied contract, and, as above stated, it was not necessary that the services be rendered for compensation.

The case of Porter v. Decker, supra, relied upon by plaintiff, furnishes some support for our conclusion. That was an action such as this for injuries received by plaintiff while riding in defendant's vehicle. At pages 1111 and 1112 of 222 Iowa, page 898 of 270 N. W., we stated:

"The appellant's first contention is that the court erred in overruling a motion for a directed verdict in his favor, because, he claims the evidence was not sufficient to show that the plaintiff was other than a passenger who was riding in defendant's truck as a guest and not for hire. There was evidence, however, tending to show that, in the evening of the day on which

the defendant left Fort Dodge to go to Omaha with his truck, he called at the plaintiff's home * * * he told the plaintiff he wanted plaintiff to go along with him (defendant) to Omaha to help him; that the plaintiff had been with defendant on prior trips, on which he had assisted defendant in unloading and loading his truck, and knew what such help meant; that the plaintiff did go along with defendant on the trip to Omaha, helped him to unload his truck at a brewery there, helped him to load it with filled kegs and cases, and accompanied him on his return trip to Fort Dodge; and that it was while on this return trip that the accident occurred out of which the plaintiff's injuries resulted. There was also, it is true, evidence on the part of the defendant tending to show that no work or services were contemplated, or were performed by the plaintiff upon this trip, and that, if the plaintiff rendered any help at all to the defendant, it was rendered merely as a matter of courtesy, without any agreement to do any work or expectation of compensation on the part of the plaintiff, and without any intention on the part of the defendant to employ or require the performance of any services by the plaintiff. We think the most that can be said for the evidence is that it presents a conflict, and, this being true, there was, of course, a question for the jury. We find no error in the action of the trial court overruling the appellant's motion for a directed verdict.''

Defendant's principal contention is that, even if there was evidence of a relationship of master and servant, it did not show such relationship to be in existence at the time of the collision. We fail to agree with this contention. We think that it was a question for the jury whether plaintiff accompanied defendant to assist him in getting the steel hoist. Accordingly, we find no merit in the second assignment of error.

III. The only other assignment of error challenges the overruling of exceptions to instruction 3 which advised the jury as follows:

''3. In order for the plaintiff to recover in this action it is necessary for him to establish by a preponderance or greater weight of evidence all of the following matters, to-wit:

'' (1) That the relationship of master and servant existed

between plaintiff and defendant at the time of the collision in question.

"(2) That the defendant was negligent in some one or more of the particulars alleged by plaintiff, as heretofore set forth.

"(3) That such negligence on the part of the defendant was the direct and proximate cause of the collision, and the injuries and damages complained of by the plaintiff.

"(4) That the plaintiff was damaged, and the amount.

"If each and all of the above and foregoing matters are thus shown by a preponderance or greater weight of evidence, then plaintiff is entitled to recover against the defendant. But if any one or more of said matters are not thus shown, then the plaintiff cannot recover from the defendant."

It will be noted that the instruction ignores the issue of contributory negligence. Defendant concedes that section 11210, Code, 1939, relieves plaintiff of the burden of proving freedom from contributory negligence if, at the time of the collision, plaintiff was acting within the scope of his employment as a servant of defendant. The contention is that subparagraph 1 of instruction 3 did not require the jury to find that plaintiff was acting as a servant of defendant at the time of the collision.

Of course, the instructions must be read together. Instruction 7 devoted four paragraphs to the determination whether "the relationship of master and servant existed between plaintiff and defendant at the time of the collision in question." One of the exceptions to instruction 7 in the court below (not urged here) was that the instruction was insufficient to require a finding that plaintiff was acting in the course of his employment at the time of his injury. However, another exception to instruction 7 (also not urged here) was as follows:

"Instruction No. 7 is erroneous, misleading and without evidence to support it in that there is no evidence that at the time of the collision defendant was employing the services or labor of plaintiff or that at said time plaintiff was rendering labor or services to the defendant, at his request, beneficial to him or otherwise within the scope of his employment."

This exception, by implication at least, asserted that instruction 7 supplied what defendant here contends was lacking. We think that the implication is justified. In the absence of a request for amplification, we hold that instruction 7, when read with instruction 3, adequately advised the jury that, for plaintiff to recover, the jury had to find that plaintiff was rendering services, at defendant's request, beneficial to him or otherwise within the scope of the employment, at the time of plaintiff's injury. Accordingly, there is no merit in the contention asserted here.

By reason of the foregoing, the judgment is—Affirmed.

MULRONEY, C. J., and GARFIELD, BLISS, WENNERSTRUM, SMITH, HALE, and OLIVER, JJ., concur.