Susan K. ROSS, Appellant,

v.

Ralph ROSS and Darlene Ross, Employer; Insurance Company of Iowa, Insurance Carrier; and Iowa Industrial Commissioner, Appellees.

No. 65579.

Supreme Court of Iowa.

July 15, 1981.

Harry W. Dahl, Des Moines, and Peter B. Narey and James A. Clarity of Narey, Barbee & Clarity, Spirit Lake, for appellant.

Willis J. Hamilton of Hamilton Law Firm, Storm Lake, for appellees.

Considered by REYNOLDSON, C. J., and HARRIS, ALLBEE, McGIVERIN, and SCHULTZ, JJ.

HARRIS, Justice.

Craig E. Ross died as a result of the collision of two cars at a country road intersection. The question here is whether his widow is entitled to benefits under the workers' compensation law. Chapter 85, The Code 1977. The industrial commissioner determined she is not. On judicial review the district court affirmed. We agree.

Craig was the son of Ralph and Darlene Ross. He was married to Susan K. Ross (petitioner) and was supporting two children. Craig's relationship with his father, and with a brother, Dennis, was one we often see in agricultural communities. All three were farmers. There were three independent farming operations conducted in close family association.

Ralph, the father, farmed 480 acres about 15 miles from Craig's property. Ralph was also trustee for a farm held for his children. The trust farm, some three miles from Ralph's property, was rented and farmed by Dennis.

Craig farmed 320 acres, the income from which he shared with neither his parents nor with Dennis. He raised corn, beans, and hogs. Neither brother owned much of the farm equipment necessary for his operation but Ralph did. There was extensive exchange labor among the three farms. Ralph's contribution was, for the most part, made up by the use of his farm equipment. For example, Craig worked 724 hours on Ralph's farm in 1977. During the same year Ralph worked only 96 hours on Craig's farm. The balance in this family exchange was achieved by use of Ralph's machinery.

Ralph did not consider either of his sons to be his employees. The only person listed as an employee by Ralph in an application for insurance was Dick Jaacks. Jaacks worked for Ralph part-time on days off and on vacations from his regular employment.

On September 20, 1977, Craig left his home between 7 and 7:30 a. m. and drove to Ralph's farm where he was engaged in grinding corn for Ralph. At about 11 a. m. he drove to the trust farm to see whether he could help Dennis who was combining

beans on the trust farm. After speaking with Dennis he said he was going back to Ralph's farm and continue grinding corn. After that he planned to eat lunch and then return to help Dennis combine beans. On his return to Ralph's farm Craig was involved in the fatal collision.

I. The first assignment of error stems from a gratuitous assertion in the answer that was filed for Ralph, Darlene, and their insurer. It stated they were Craig's parents, were engaged in agriculture, and, in effect, that Craig's death did not occur while he was engaged as their employee.

It is not unusual for a litigant to assert the negative on some point that is an opponent's burden. It is not a recommended practice because it often is claimed that the unnecessary assertion shifts the burden of proof. We have no such claim here because the commissioner found the foregoing facts without regard to burden of proof.

The claim under this assignment derives from a further fact. Respondents not only answered the petition for judicial review but also filed what is thought to be a tardy cross-petition. The claim here, as we understand it, is that by not filing the cross-petition for judicial review within 30 days the respondents are precluded from maintaining this claim. We think not. Any omission, real or imagined, by the respondents will not supply the principal elements required of the petitioner under section 17A.19. In *Freeman v. Luppes Transport Company, Inc.*, 227 N.W.2d 143, 148 (Iowa 1975), we explained them as follows:

> Under our workmen's compensation act, a workman must establish three principal elements: (1) an employer-employee relationship at the time of the injury, *Hassebroch v. Weaver Const. Co.*, 246 Iowa 622, 67 N.W.2d 549, (2) an injury arising out of and in the course of the employment, *McClure v. Union County*, 188 N.W.2d 283 (Iowa); Code 1973, § 85.3, and (3) the disability (or death) proximately caused by the injury . . . .

The timing of any filings by respondents here did not establish the elements for the petitioner. The first assignment is without merit.

II. In a number of assignments the petitioner challenges the deputy commissioner and commissioner's findings that Craig was not an employee of his parents and that his fatal injury did not arise out of and in the course of their employment. We use five factors to determine whether such a relationship exists:

> The factors by which to determine whether an employer-employee relationship exists are (1) the right of election, or to employ at will (2) responsibility for the payment of wages by the employer (3) the right to discharge or terminate the relationship (4) the right to control the work, and (5) is the party sought to be held as the employer the responsible authority in charge of the work or for whose benefit the work is performed. In addition thereto we recognize the overriding element of the intention of the parties as to the relationship they are creating may also be considered.

*McClure v. Union, et al., Counties*, 188 N.W.2d 283, 285 (Iowa 1971). We treat the commissioner's findings as a jury verdict and will not interfere where, as here, they are supported by substantial evidence. *Temple v. Vermeer Mfg. Co.*, 285 N.W.2d 157, 160 (Iowa 1979).

The petitioner confronts the obstacle of these findings by pointing to what he perceives as an indication that the commissioner did in fact find Craig was an employee. Section 85.1(3) excludes from coverage persons who are children of the employer. The commissioner found, and it is a fact, that Craig was a child of Ralph and Darlene. The petitioner argues that the commissioner excluded Craig from coverage only because he was a child under section 85.1(3). In order to "exclude" Craig, petitioner argues, the commissioner had to first find an employer-employee relationship.

We do not so read the commissioner's decision. The decision might have been written with more precision and it is true that the finding of parent-child relationship

was irrelevant in the sense that no exclusion was necessary in the absence of an employer-employee relationship. Yet the commissioner's finding is very clear that no employment existed. We think it did not detract from that finding when the commissioner further observed that, even had such employment existed, Craig would have been excluded as the child of Ralph and Darlene.

■ III. Petitioner also argues, on two theories, that section 85.1(3) denies her equal protection of the law. The workers' compensation law was passed in 1913 and until 1973 coverage was elective for certain employers. Then it became, with certain exceptions, compulsory. One of the exceptions is the subject of the challenge. At the time of Craig's death the statute provided:

> The following persons or employees or groups of employees shall be specifically included within the terms of the exemption from coverage of this chapter provided by this subsection:
>
> (1) The spouse of the employer and parents, brothers, sisters, children and stepchildren of either the employer or the spouse of the employer; and
>
> (2) Any person engaged in agriculture as a farm operator or spouse of such farm operator or parents, brothers, sisters, children and stepchildren of either such farm operator or spouse while exchanging labor with another farm operator or spouse of such other farm operator or parents, brothers, sisters, children, and stepchildren of either such other farm operator or spouse for the mutual benefit of any or all such persons . . . .

§ 85.1(3)(b).

Since no fundamental right is involved we apply the rational basis test. *Rudolph v. Iowa Methodist Medical Ctr.*, 293 N.W.2d 550, 557–58 (Iowa 1980); *Hawkins v. Preisser*, 264 N.W.2d 726, 729 (Iowa 1978).

Petitioner argues there is no rational basis for treating farm employees any differently than employees of anyone else. Petitioner also argues there is no rational basis for treating children and relatives of a farm employer any differently than other employees. The district court rejected these contentions and so do we.

There are a number of reasons why the legislature might have wished to provide for both exclusions. Work habits on the family farm differ greatly from those of the general labor market. In perhaps no other vocation is the use of exchange labor so important as it is in the agricultural community. Farmers often exchange services with one another with no money changing hands. The legislature could also consider the fact that a farmer ordinarily has no power to raise his prices to absorb the additional overhead occasioned by premium costs of workers' compensation insurance. The legislature might also have found it would be impossible to find a ready gauge to value the services performed in a family farming operation. In many cases it would be difficult to impossible to fashion a formula for an appropriate percentage of benefits.

Without agreeing or disagreeing with the wisdom of the legislature's conclusion to provide the exclusions we believe the rational test was met.

■ Petitioner also argues that it was a denial of equal protection to grant an employer the right to elect coverage without granting a similar right to the employee. Under the same rational basis test we reject the contention. The legislature might have felt the option had to be accorded the employer out of simple economic necessity. This distinction might strike an injured employee as ironic when he faces the economic burdens resulting from a farm accident. Arguments that such distinctions are ironic, or even unfair, should be addressed to the legislature. There was no denial of equal protection.

As all petitioner's assignments are without merit the judgment of the district court is affirmed.

AFFIRMED.