**Janet L. GABRIELSON, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 83–201.**

Supreme Court of Iowa.

Jan. 18, 1984.

Rehearing Denied Feb. 10, 1984.

Marion L. Beatty and Donald H. Gloe, Miller, Pearson, Gloe, Burns & Beatty, P.C., Decorah, for appellant.

Thomas J. Miller, Atty. Gen., and Shirley A. Steffe, Asst. Atty. Gen., for appellee.

HARRIS, Justice.

The narrow question here is whether a district court shorthand reporter is a permanent full-time employee of the state. The trial court thought not and accordingly ruled plaintiff was not entitled to participate in the state employees disability program. *See* Iowa Code ch. 79 (1981). We think a court reporter is an employee of the state. We reverse the trial court and remand the case with directions.

The facts are undisputed. On September 13, 1980, plaintiff was seriously injured in an automobile accident in Winneshiek county. At the time she was a shorthand reporter appointed by and assigned to Frank D. Elwood, a judge of the Iowa district court for the first judicial district.

Plaintiff sought disability benefits under Iowa Code section 79.20 without success and finally brought this suit to compel payment of the benefits. Section 79.20(4) provides in material part:

All permanent full-time state employees shall be covered under the employees disability insurance program . . . .

The only question in dispute is whether at the time of her accident plaintiff was a permanent full-time state employee.

I. *Liberal Construction.* Plaintiff first contends, and correctly so, that the question should be interpreted in the light of the rule of liberal construction, that a statute should "be liberally construed with the view to promote its objects and assist the parties in obtaining justice." Iowa Code § 4.2 (1981). *See also Usgaard v. Silver Crest Golf Club,* 256 Iowa 453, 459, 127 N.W.2d 636, 639 (1964) ("In case of doubt the Workmen's Compensation Act is liberally construed to extend its beneficent purpose to every employee who can fairly be brought within it."); *Thomas v. State,* 241 Iowa 1072, 1075, 44 N.W.2d 410, 412 (1950) (statutes having beneficent purpose should be liberally construed).

II. *Other Statutes.* Both plaintiff and the State point to other statutes in support of their opposing contentions. Plaintiff thinks it is some support for her position that Iowa Code section 19A.3(12) excludes all judges and all employees of the courts from the state merit system. The state merit system applies only to state employees. She accordingly argues that if court employees were not considered state employees there would have been no need to specifically exclude them from the merit system. *See Peters v. Iowa Employment Security Commission,* 235 N.W.2d 306, 310 (Iowa 1975) ("[I]t is manifest from the provisions of chapter 19A that the legislature intended to bring all state employees not specifically excepted into a unitary merit system.")

If the question were to be controlled by looking to other statutes, recent legislation could be urged in support of the position of the state. After the trial court entered its ruling, the General Assembly enacted extensive legislation to reform the administration of Iowa courts. *See* 1983 Iowa Acts ch. 186. The fundamental purpose of this legislation was to square Iowa's court structure with actuality. Prior to this legislation, partly for historic reasons and partly from a desire to fund courts substantially by local taxation, the statutes for court administration and funding were a mass of puzzling accommodations. Nevertheless Iowa had and still has a statutorily unified trial court.[1] Under the system existing at the time in question court funding, certain court personnel selections, and public accountability, were based on a system that pretended the courts were local and not state.

---

1. A unified trial court was established by 1972 Iowa Acts ch. 1124. The act abolished all courts below the Iowa district court and provided for magistrates which were made a part of the district court.

Court reporters were a prime example of the lubricity of the former system. They were paid mainly by local taxes assessed proportionately against the counties of the district in which they served. *See* Iowa Code § 605.9 (1981). From time to time, however, some part of the shorthand reporters' salaries was appropriated by the General Assembly from the general fund of the state. *See* 1981 Iowa Acts ch. 9, § 28. The incongruities of the system were rendered more tolerable by a number of accommodations worked out through the years. For example, 1982 Iowa Acts chapter 1101, section 1 (now repealed) provided that reporters be covered along with county employees for group health insurance.

Under the new law all court employees are state employees. Court reporters are specifically included. 1983 Iowa Acts ch. 186, § 10301(2). With certain others, reporters are accorded privileges relating to rights accrued under the former system. Sections 10302, 10303 and 10304. Language in the latter two sections, taken literally, might indicate a legislative view that reporters were not state employees under the old system. *See* section 10302(2)(d). But this language has to be read in the light of the legislative purpose. The court system had long been a state system with refinements for local funding. We do not believe any language in 1983 Iowa Acts ch. 186 is a legislative pronouncement on the status of court reporters prior to its effective date.

III. *Master and Servant.* We think the question is controlled by the fundamental principles of master and servant. In *Bengford v. Carlem Corp.*, 156 N.W.2d 855, 863 (Iowa 1968), we said:

> An employee or servant is a person bound by duty of service, subject to the master's or employer's command as to the manner in which the work shall be done. [Authorities.]

In *Lembke v. Fritz*, 223 Iowa 261, 265, 272 N.W. at 300, 302, we quote this from *Norton v. Day Coal Co.*, 192 Iowa 160, 164, 180 N.W. 905, 908. "The relationship of master and servant does not exist, unless there be the right to exercise control over methods and details,—to direct how the result is to be obtained. The power to direct must go beyond telling what is to be done,—to telling 'how it is to be done'."

The right to control is the principal test for determining whether an employer and employee relationship exists. [Authorities.]

Iowa Code sections 605.6 and 605.7 clearly vest the right of control over judicial district court reporters with district court judges. The judge alone has the power to appoint or remove the reporter and to direct the reporter's duties.

The state points to Iowa Code sections 605.8 through 605.10 and section 509A.7, which at the time clearly vested the responsibility for payment of wages, expenses, and health insurance in the counties. It cites *Uhe v. Central States Theatre Corp.*, 258 Iowa 580, 581, 139 N.W.2d 538, 539 (1966), for the proposition that the responsibility for payment of wages "is one of the necessary elements in an employer-employee relationship."

We have noted that responsibility for the court reporters' wages was mainly but not exclusively with the counties. Moreover, responsibility for payment of wages is only one of the factors to be considered in determining whether the relationship of employer-employee exists. In *Erickson v. Erickson*, 250 Iowa 491, 495, 94 N.W.2d 728, 730 (1959), we said:

> Payment for the services rendered is one test as to the existence of the relationship of employer and employee. Another test is whether or not the person for whom the work was done gave instructions as to the work, or had control of the services of the employee. [Authority.]

In *Hjerleid v. State*, 229 Iowa 818, 295 N.W. 139 (1940), we were faced with the question of whether a director-investigator of a social welfare program was a county or state employee for purposes of the worker's compensation act. Relying on the basic law of master and servant we

adopted a five factor test for answering the question. We held:

> [T]he principal criteria for determining whether the relationship of employer and employee exists are: (1) the right of selection, or to employ at will; (2) responsibility for the payment of wages by the employer; (3) the right to discharge or terminate the relationship; (4) the right to control the work; and (5) is the party sought to be held as the employer the responsible authority in charge of the work or for whose benefit the work is performed.

*Id.* at 826, 295 N.W. at 143. We have also recognized that the intention of the parties is an important consideration in determining what sort of relationship they created. *See Caterpillar Tractor Co. v. Shook,* 313 N.W.2d 503, 505 (Iowa 1981); *Ross v. Ross,* 308 N.W.2d 50, 52 (Iowa 1981); *McClure v. Union, et al., Counties,* 188 N.W.2d 283, 285 (Iowa 1971).

█ Under the foregoing test we conclude that plaintiff was a state employee within the purview of section 79.20. The trial court erred in concluding otherwise. We reverse the judgment of the trial court and remand for further proceedings in accordance herewith.

REVERSED AND REMANDED WITH DIRECTIONS.

All Justices concur except CARTER and SCHULTZ, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent.

To sustain its determination that court reporters are state employees for purposes of the disability insurance benefits conferred by section 79.20, the majority focuses almost exclusively on the common law elements of a master and servant relationship. Those elements bear scant connection with the issue of public employee compensation and fringe benefits which is presented in the present case.

Although the district court is a state system, there have traditionally been refinements which call for local funding of several court functions. With respect to remuneration of court reporters, the legislature, for at least eighty-five years, has provided that they are to be paid by the counties of the judicial district and not from the state treasury. In addition, Iowa Code section 509A.7 (1979), in effect at the time of plaintiff's injury, provided:

> For purposes of group insurance the word "employee" includes a full-time certified court reporter as an employee of each county within the judicial district.

It produces a strained and incongruous result to conclude that the legislature, which has placed the responsibility for funding the basic salaries of court reporters on the counties and has expressly provided that they are county employees for' purposes of group insurance entitlement, intended that they be considered as state employees for purposes of disability claims. I would affirm the district court.

SCHULTZ, J., joins in this dissent.