Larry D. HAMILTON,
Plaintiff-Appellant,

v.

James O'DONNELL,
Defendant-Appellee.

No. 83–1386.

Court of Appeals of Iowa.

Feb. 26, 1985.

Harlyn A. Stoebe and Curt J. Stoebe of Stoebe Law Office, Humboldt, for plaintiff-appellant.

James L. Kramer of Johnson, Erb, Latham & Gibb, P.C., Fort Dodge, for defendant-appellee.

Heard by OXBERGER, C.J., and SNELL and SCHLEGEL, JJ.

SNELL, Judge.

Plaintiff, Larry Hamilton, and defendant, James O'Donnell, are both farmers in Humboldt County. Over the years, they established a practice of exchanging help on their farm work. This practice did not involve the payment of wages for each other's help. Rather, the parties kept a mental accounting of time spent and would get together for dinner and a night out with their wives at the end of the year.

In March of 1978, defendant asked plaintiff to help haul soybeans. While the plaintiff was helping load the beans, he fell from a plank that was across the top of the bin in which the beans were stored. This was a 2 x 12 plank, 14 feet long weighing approximately 75 pounds. It was not nailed in place. Plaintiff had crossed this plank without problem when entering the bin, but fell when attempting to leave.

The plaintiff only remembers stepping onto the plank and has no memory of the fall itself.

In his petition, plaintiff alleged that the plaintiff was a servant of the defendant and that the defendant was negligent in failing to provide a safe place to work. In Count II, plaintiff alternatively alleged that he was a business invitee and that defendant was negligent in the maintenance of business premises.

At the close of all the evidence, defendant moved for a directed verdict on numerous grounds including the lack of sufficient evidence to generate a jury question on the issue of a master-servant relationship. The trial court granted a directed verdict on this issue. The jury returned a verdict in favor of defendant. Thereafter, plaintiff moved for a new trial on the grounds now asserted on appeal. Plaintiff's motion was denied.

On appeal, plaintiff asserts: (1) the trial court erred by excluding as hearsay, certain testimony concerning the defendant's alleged negligence; (2) defense counsel was allowed to conduct cross-examination of plaintiff beyond the scope of the direct examination; (3) plaintiff was prejudiced by alleged misconduct of defense counsel who repeatedly interrupted plaintiff's presentation of the case; (4) the trial court erred by granting defendant's motion for directed verdict on issue of employer-employee relationship; (5) the trial court erred by denying plaintiff's motion for a new trial because the verdict was inconsistent with the evidence and the result of passion and prejudice.

■ Our scope of review is assigned error. Iowa R.App.P. 4.

■ Counsel for appellant has somewhat confused the record in discussing the first issue, the admissibility of certain statements made by defendant and defendant's wife to the wife of the plaintiff at the hospital. Counsel argues that the court erred in sustaining an objection to the following statement:

And Jim told me that they just finished cleaning out this bin, and he started going out of the bin and Larry [Plaintiff] followed him. And Larry stepped on the—on the loose plank and fell down in the grain bin.

This testimony was given by plaintiff's wife, not defendant's wife, as counsel for the appellant appears to argue, and no objection was made to this testimony. Generally, when a party makes no objection to the reception of evidence at trial, the matter will not be reviewed on appeal. *Wirtanen v. Provin*, 293 N.W.2d 252, 257 (Iowa 1980). Because of counsel's failure to object to this at trial, we decline to consider the propriety of the admission on appeal.

■ Appellant also argues that testimony of a deputy sheriff pertaining to statements he overheard should have been admitted under the spontaneous declaration exception to the hearsay rule. Prior to the testimony, defense counsel objected and counsel for the plaintiff made an offer of proof. Outside the presence of the jury, Deputy Sheriff Slaikeu testified that at the scene of the accident he heard someone say that Hamilton had stepped on a loose board. Slaiken said he could not identify the person who made the statement. The court reserved ruling on the testimony pending the introduction of other evidence. No future effort was made to introduce the testimony and the court's ruling excluding the testimony became final.

■ We reject the argument that this testimony should have been admitted under the spontaneous declaration or res gestae exception. The admissibility of declarations as part of the res gestae turns on whether the statements were made before there was time to contrive and misrepresent, i.e., while the nervous excitement of the occurrence may be supposed to dominate the declarant. *Bass v. Muenchow*, 259 Iowa 1010, 1014, 146 N.W.2d 923, 926 (1966). The officer was unable to identify who made the statement and thus there is no showing that the speaker was excited by the emotion of the moment or if they had even seen the accident.

Even if the statement should have been admitted under the res gestae exception, the exclusion constituted harmless error. There were three other admissible statements by the wife of the plaintiff, another witness at the scene, and the doctor at the hospital repeating what the defendant told them at the time of the accident. All three coincided with the deputy's version that defendant had said that plaintiff fell when he stepped on a loose board.

■ The second error alleged by the appellant is that defense counsel was allowed to conduct cross-examination of the plaintiff beyond the scope of direct examination. The trial court has considerable discretion in determining the scope and extent of cross-examination. *In re Estate of Poulos*, 229 N.W.2d 721, 725 (Iowa 1975). We will reverse only if an abuse of discretion is shown and then only if it appears that prejudice resulted. *Avery v. Harms Implement Co.*, 270 N.W.2d 646, 649 (Iowa 1978). We find no such abuse or prejudice.

■ The third ground of error asserted by appellant is that the plaintiff was prejudiced by the alleged misconduct of defense counsel who repeatedly interrupted plaintiff's presentation of the case. The trial court has considerable discretion in determining whether the alleged misconduct, if there was such, was prejudicial. We will not interfere with its determination of such an issue unless it is reasonably clear the discretion has been abused. *Oldsen v. Jarvis*, 159 N.W.2d 431, 436 (Iowa 1968). After reading the record, we find that the trial court did not abuse its discretion in failing to find prejudicial misconduct on the part of the defense counsel.

The fourth ground of error alleged is that the trial court erred by granting defendant's motion for a directed verdict on the issue of master-servant relationship. In his petition, the plaintiff set forth two grounds for recovery: master-servant theory, and business invitee theory. At the close of the evidence, the trial court granted the defendant's motion for a directed verdict on the master-servant relationship on the grounds that there was a lack of proof as to an arrangement for payment for plaintiff's services.

The Iowa Supreme Court most recently discussed the question of master-servant relationship in the case of *Gabrielson v. State*, 342 N.W.2d 867 (Iowa 1984). In that case, the court cited a five-factor test to be used to determine if a master-servant relationship existed:

[T]he principal criteria for determining whether the relationship of employer and employee exists are: (1) the right of selection, or to employ at will; (2) responsibility for the payment of wages by the employer; (3) the right to discharge or terminate the relationship; (4) the right to control the work; and (5) is the party sought to be held as the employer the responsible authority in charge of the work or for whose benefit the work is performed.

*Id.* at 870 (citing *Hjerleid v. State*, 229 Iowa 818, 826, 295 N.W. 139, 143 (1940)).

On the basis of this test, we find that the motion for a directed verdict was properly granted. The defendant lacked the requisite control over the plaintiff needed to establish the employer-employee relationship. The relationship was more in the nature of a gratuitous exchange of help. The defendant did not have the power to compel the plaintiff to work nor to fire him for poor work. The instructions which were given to the plaintiff were generally in the form of what work to do rather than how to do it. The grant of the motion for a directed verdict was proper.

The final ground alleged is that the trial court erred in failing to grant a new trial because the verdict was inconsistent with the evidence, because it was the result of passion and prejudice, and because the jury failed to comprehend or respond to the real merits of the controversy.

■ It has been repeatedly recognized that the trial court has the inherent power to grant a new trial if the verdict does not effect substantial justice between the parties. Iowa R.App.P. 14(f)(3). The trial court has wide discretion as to the motion for a new trial, and it is only when the evidence clearly shows that the trial court abused its discretion, that we will interfere. *Schall v. Lorenzen*, 166 N.W.2d 795, 798 (Iowa 1969). We have reviewed the record and find that the court did not abuse its discretion in denying the motion for a new trial. There is evidence in the record to support the jury's finding that the defendant was not negligent. The plank was heavy and there was testimony

that it was firmly in place. The plaintiff had crossed the plank earlier without mishap. There is substantial evidence to support the jury's findings and the denial of the motion for a new trial was proper.

The trial court's denial of the motion for a new trial is affirmed.

AFFIRMED.

SNELL, J., concurs and SCHLEGEL, J., and OXBERGER, C.J., specially concur.

SCHLEGEL, Judge (specially concurring)

 I would hold that the trial court erred by granting defendant's motion for a directed verdict on the issue of master-servant relationship. As recently as the case of *Parks v. Firgard*, 163 N.W.2d 385, 389 (Iowa 1968), and as long ago as the case of *Ganzhorn v. Reep*, 234 Iowa 495, 498–99, 12 N.W.2d 154, 156 (1944), the Iowa Supreme Court has recognized that a master-servant relationship may arise when farmers have a custom of exchanging services, even when there is no specific arrangement for pay. When such a custom exists, the jury may draw the conclusion that the right to exercise control of the work exists. *See Ganzhorn,* 234 Iowa at 499, 12 N.W.2d at 156. *Cf. Duffy v. Harden,* 179 N.W.2d 496, 503 (Iowa 1970) (owners right to control activities of one providing services gratuitously "can hardly be doubted," and the person rendering such services may be a servant of the one accepting the services). Because the supreme court has never expressly, nor do I believe impliedly, overruled the doctrine stated in those cases, I must conclude the trial court erred in granting a directed verdict on the grounds stated. The evidence on this issue was sufficient to create a jury question.

I concur in the result, however, because I believe the error was harmless. The defendant's duty, as the possessor of land, to his invitee was submitted to the jury. That duty is not any less than a master's duty to his servant. *Compare* Uniform Jury Instruction No. 22.3 *with* No. 11.2. Therefore, plaintiff was not prejudiced by the error.

OXBERGER, C.J., joins this special concurrence.